PER CURIAM.
John Katopodis, a Jefferson County Commissioner, appeals from a summary judgment in favor of Max C. Pope, a Birmingham attorney, on Katopodis’s claim for punitive damages against Pope alleging that he published libelous statements about Katopodis during the 1986 campaign for the Jefferson County Commission.
During the campaign, a letter prepared by Pope but signed by a third party was circulated to voters prior to the November general election. On October 23,1986, Ka-topodis demanded that Pope retract the allegations of the letter, and, on October 27, 1986, filed a complaint in Jefferson County Circuit Court seeking injunctive relief against further circulation. Katopodis subsequently alleged that Pope had “failed and refused to retract” the “defamatory matter,” and that on October 28, 1986, Pope, through his attorneys, “announced his intention to oppose any effort to cure the defamation, i.e., ... objected to producing the mailing list so plaintiffs could effectively reach those to whom the publication was made.” Consequently, on October 29, Katopodis amended his complaint to add claims for compensatory and punitive damages based on libel. The limited issue for review is whether the trial court erred in granting Pope’s motion for summary judgment on Katopodis’s claim for punitive damages.
Ala.Code 1975, § 6-5-186, provides that punitive damages are not recoverable in an action for libel unless it is proved that the publication was made by the defendant with knowledge that the matter published was false, or with reckless disregard of whether it was false, and it is proved that
“five days before the commencement of the action the plaintiff shall have made written demand upon the defendant for a public retraction of the charge or matter published; and the defendant shall have failed or refused to publish within five days, in as prominent and public a place or manner as the charge or matter published occupied, a full and fair retraction of such charge or matter.”
Ala.Code 1975, § 6-5-186.
In sum, the trial court held that Katopo-dis’s amendment of October 29 “arose out of the conduct, transaction or occurrence” set forth in his complaint of October 27 and, therefore, related back to the date of the October 27 complaint pursuant to Rule 15(c), A.R.Civ.P. Thus, the court reasoned, the amendment failed to allow Pope five days to retract the letter pursuant to § 6-5-186, and Katopodis was prohibited from claiming punitive damages. Katopo-dis argues that his claim for punitive damages is a supplemental pleading under Rule 15(d), A.R.Civ.P., reflecting events that occurred after the filing of his complaint and, consequently, is not subject to the relation back provision of Rule 15(c). Pope argues, *1231 first, that Katopodis failed to give him five days to retract the letter pursuant to the method for computing statutory time provided by Rule 6(a), A.R.Civ.P., and, second, that the amendment is not a supplemental pleading and properly related back to the October 27 complaint.
Rule 6(a), A.R.Civ.P., provides that in computing a time period, if “the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.” In the instant case, October 23 was a Thursday (date of demand); October 24 a Friday (day one); October 25 a Saturday; October 26 a Sunday; October 27 a Monday (day two); October 28 a Tuesday (day three); October 29 a Wednesday (day four); and October 30 a Thursday (day after filing date of amendment). Therefore, five days from the demand for retraction pursuant to § 6-5-186 on October 23 expired on October 30. The record indicates that Katopodis filed his amended complaint for compensatory and punitive damages on October 29, and, in doing so, filed the amendment prematurely, as Pope would have had until October 30 to retract pursuant to Rule 6(a) and § 6-5-186.
Consequently, we hold that the trial court properly granted Pope’s summary judgment on Katopodis’s claim for punitive damages, and we do not reach the issue of Rule 15(c), A.R.Civ.P., relation back addressed by the trial court.
AFFIRMED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, ADAMS, HOUSTON and STEAGALL, JJ., concur.
SHORES and KENNEDY, JJ., not sitting.